IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**ANTHONY LIETZOW**,
Plaintiff,
vs.
**THE VILLAGE OF HUNTLEY**, a municipal corporation, **OFFICER JAMES DALEY**, **OFFICER ALEX PANVINO**, **OFFICER DAVID SANDER**, Village of Huntley Police Officers,
Defendants.

**COMPLAINT**

**Jurisdiction/Venue**

1. This incident occurred on or about July 19, 2015, in Huntley, McHenry County, Illinois.
2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331, and § 1343(a); the Constitution of the United States, and pendent jurisdiction, as provided under 28 U.S.C. § 1367(a).
3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all of the parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within the district.

**Parties**

4. The Plaintiff, Anthony Leitzow, is a resident of Huntley, McHenry County, Illinois, located in the Northern District of Illinois.
5. Defendant Village of Huntley is a municipal corporation and, at all times relevant to this Complaint, was a principal employer of the Defendant Officer James Daley, Defendant Officer Alex Panvino, and Defendant Officer David Sander (herein "the Defendant Officers"), who were acting under color of law and in the scope of their employment with Defendant Village of Huntley as duly sworn police officers.

**Facts**

6. ]On July 19, 2015, Officers Daley, Panvino, and Sander of the Huntley Police Department were dispatched to 10284 Mayflower Lane, Huntley, Illinois, to investigate a reported domestic incident.
7. The Plaintiff was in his house, unaware that the police were on his property.
8. The Plaintiff had committed no crime.
9. At that time, the defendant officers effected forceful entry into the Plaintiff's home, without a warrant, consent, or other legal justification.
10. When the officers entered, the Plaintiff stated "get the fuck out of my house."
11. Rather than obey the Plaintiff's command to leave the residence, the officers arrested him, and falsely charged him with aggravated battery to a police officer, resisting arrest, and domestic battery, maliciously and without probable cause or legal justification.

12. On July 20, 2015, Defendant Daley maliciously and without probable cause signed a criminal complaint against the Plaintiff, charging him with domestic battery, resisting a peace officer, and aggravated battery.

13. Also on or about July 20, 2015, the Plaintiff was held in pretrial custody on bond, based upon false statements knowingly made by the Defendant Officers in their police reports.

14. On September 3, 2015, the Plaintiff was indicted by a McHenry County Grand Jury for Aggravated Battery to a Police Officer, Aggravated Domestic Battery, Resisting Arrest, and Domestic Battery, based upon the false statements of the Defendant Officers.

15. The Plaintiff was thereby subjected to criminal prosecution in the matter of *People of the State of Illinois v. Anthony Leitzow*, Case No. 15 CF 631.

16. On October 3, 2016 the aggravated domestic battery charge was nolle prossed upon the motion of the State, in a manner consistent with the innocence of the Plaintiff.

17. On October 5, 2016, the domestic battery charge was dismissed by the trial court in a directed verdict, in a manner consistent with the innocence of the Plaintiff.

18. On October 6, 2016, the Plaintiff was found not guilty by a jury of aggravated battery and resisting arrest, in a manner consistent with the innocence of the Plaintiff.

19. As a result of the Defendant Officers' actions, the Plaintiff experienced injuries including but not limited to loss of freedom, humiliation, emotional distress, loss of wages, loss of employment, pecuniary damages, and legal expenses.

## COUNT I – 42 U.S.C. § 1983
## FALSE ARREST
## PLAINTIFF VS. DEFENDANT OFFICERS

20. Each paragraph of this Complaint is restated fully herein.
21. As described above, the Defendant Officers, without probable cause or legal justification, caused the Plaintiff to be arrested and unlawfully detained.
22. As a result of the above-described wrongful infringement of the Plaintiff's rights, he suffered damages including, but not limited to those described above.

## COUNT II – 42 U.S.C. § 1983
## ILLEGAL PRETRIAL DETENTION
## PLAINTIFF VS. DEFENDANT OFFICERS

23. Each paragraph of this Complaint is restated fully herein.
24. The Defendant Officers caused the commencement of a criminal case against the Plaintff—to wit, indictments for aggravated domestic battery, aggravated battery of a peace officer, domestic battery, and resisting arrest—falsely, maliciously, and without probable cause.
25. Those charges were resolved in the Plaintiff's favor as detailed above, in a manner indicative of his innocence.

26. The probable cause determination in this case was predicated solely on the Defendant Officers' fabrications regarding the Plaintiff's conduct.

27. As a result, the Defendant Officers' false statements proximately caused the Plaintiff to be confined without constitutionally adequate justification.

28. Therefore, the Plaintiff's rights under the Fourth Amendment to the United States Constitution, incorporated to the states and municipalities through the Fourteenth Amendment, to be secure in his person, papers and effects against unreasonable searches and seizures was violated.

29. As a direct and proximate cause of this violation, the Plaintiff suffered damages, as described above.

**COUNT III – ILLINOIS STATE LAW**
**MALICOUS PROSECUTION**
**PLAINTIFF VS. ALL DEFENDANTS**

30. Each paragraph of this Complaint is restated fully herein.

31. As described above, the Defendant Officers, without legal justification or probable cause, caused the Plaintiff to be criminally prosecuted in the Circuit Court of McHenry County.

32. As described above, the Plaintiff's case was resolved in his favor, in a manner consistent with his innocence.

33. As a result of the above-described wrongful infringement of the Plaintiff's rights, the Plaintiff suffered damages as described above.

**COUNT IV – 42 U.S.C. §1983**
**ILLEGAL SEARCH AND SEIZURE**
**PLAINTIFF VS. DEFENDANT OFFICERS**

34. Each paragraph of this Complaint is restated fully herein.

35. The actions of the Defendant Officers in illegally entering the Plaintiff's home without consent, a warrant, or legal justification violated his rights under the Fourth Amendment to the United States Constitution to be secure in his person, house, papers, and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

36. As a resut of the above-described wrongful infringement of the Plaintiff's rights, the Plaintiff suffered damages as described above.

**COUNT V – ILLINOIS STATE LAW**
**INDEMNIFICATION**
**PLAINTIFF VS. VILLAGE OF HUNTLEY**

37. Each paragraph of this Complaint is restated fully herein.

38. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were acting as agents or employees of the Defendant Village of Huntley, and were working in the course and scope of their employment and under color of law.

39. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

40. Defendant Village of Huntley is the indemnifying entity for the actions described above, of the Defendant Officers, who took their actions while acting under color of law and in the course and scope of their employment with the Village of Huntley.

## Request for Relief

The Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against the Defendants, award compensatory damages and attorneys' fees and costs against all Defendants, award punitive damages against the Defendant Officers in their individual capacities, and grant any other equitable relief this Court deems just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

/s/ Christopher A. Tinsley
One of the Attorneys for the Plaintiff

Richard Dvorak
Christopher A. Tinsley
Dvorak Law Offices, LLC
6262 Kingery Highway, Suite 305
Willowbrook, IL 60527
(312) 593-7146 (p)
(312) 873-3869 (f)