UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY LIETZOW, | ) |
| Plaintiff, | ) ) ) |
| | ) 17 C 5291 |
| v. | ) ) ) Judge Charles P. Kocoras |
| VILLAGE OF HUNTLEY, JAMES DALEY, ALEX PANVINO, and DAVID SANDER, | ) ) ) ) |
| Defendants. | ) ) |

# ORDER

Now before the Court is Defendants Village of Huntley ("Village"), James Daley ("Daley"), Alex Panvino ("Panvino"), and David Sander's ("Sander") (collectively, "Defendants") Motion to Dismiss ("Motion") Plaintiff Anthony Lietzow's ("Lietzow") First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Defendants' Motion is granted.

# BACKGROUND

The Court accepts as true the following well-pled allegations from Lietzow's FAC. All possible inferences are drawn in Lietzow's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

At all times relevant to the FAC, the Village was a municipal corporation and the principal employer of police officers Daley, Panvino, and Sander (collectively,

"Defendant Officers"), all of whom were "acting under color of law and in the scope of their employment with [the Village] as duly sworn police officers."

On July 19, 2015, the Defendant Officers were dispatched to 10284 Mayflower Lane, Huntley, Illinois, to investigate a reported domestic incident. Lietzow was "in his house" at the time, "had committed no crime," and was unaware that police were on his property. The Defendant Officers "effected forceful entry" into Lietzow's home, "without a warrant, consent, or other legal justification." Upon the Defendant Officers' entry, Lietzow stated, "get the fuck out of my house." Rather than leave, the Defendant Officers arrested Lietzow and "falsely charged him with aggravated battery to a police officer, resisting arrest, and domestic battery, maliciously and without probable cause of legal justification."

The next day, on July 20, Daley "maliciously and without probable cause" signed a criminal complaint against Lietzow. On or about the same day, Lietzow was held in pretrial custody on bond, "based upon false statements knowingly made by the Defendant Officers in their police reports." On September 3, 2015, Lietzow was indicted for aggravated battery to a police officer, aggravated domestic battery, resisting arrest, and domestic battery, "based upon the false statements of the Defendant Officers," and thereafter subjected to criminal prosecution in the matter of *People of the State of Illinois v. Anthony Lietzow*, Case No. 15 CF 631.

The following sequence of events then occurred, each "in a manner consistent with the innocence of [Lietzow]." On October 3, 2016, the trial court granted the

State of Illinois' motion to nolle pros Lietzow's aggravated domestic battery charge. On October 5, 2016, the trial court dismissed the domestic battery charge in a directed verdict. On October 6, 2016, a jury found Lietzow not guilty of aggravated battery and resisting arrest. Lietzow alleges that, as a result of the Defendant Officers' actions, he "experienced injuries including but not limited to loss of freedom, humiliation, emotional distress, loss of wages, loss of employment, pecuniary damages, and legal expenses."

On July 18, 2017, Lietzow filed a five-count complaint against Defendants. On November 20, 2017, Lietzow filed his FAC, reasserting the five counts of the original complaint, which are as follows. Count I: false arrest, against the Defendant Officers, in violation of 42 U.S.C. § 1983; Count II: illegal pretrial detention, against the Defendant Officers, in violation of 42 U.S.C. § 1983; Count III: malicious prosecution, against all Defendants, in violation of Illinois state law; Count IV: illegal search and seizure, against the Defendant Officers, in violation of 42 U.S.C. § 1983; and Count V: Illinois state law indemnification claims against the Village. Defendants seek dismissal of the FAC in its entirety.

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled

3

to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations, but must provide enough factual support to raise his right to relief above a speculative level. *Bell Atlantic. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A claim must be facially plausible, meaning that the pleadings must "allow…the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the…claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim," and may be considered in a district court's ruling on a motion to dismiss. *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

## DISCUSSION

### I. Counts I, II, and IV: the § 1983 Claims Against the Defendant Officers

Defendants' first grievance with Lietzow's FAC flows from the fundamentals of the seminal *Iqbal* case, which Defendants cite heavily. Defendants suggest that Lietzow failed to aver facts sufficient to support the reasonable inference that the Defendants are liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Particularly,

4

Defendants take issue with Lietzow's failure to plead the personal responsibility of each defendant officer as required by § 1983. Because this argument resolves the Motion in its entirety, we address it alone.

"To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). To satisfy the "personal responsibility requirement," *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982), facts must be alleged that suggest the named defendants "[knew] about the conduct and facilitate[ed] it, approv[ed] it, condon[ed] it, or turn[ed] a blind eye for fear of what they might see." *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988).

In *Carter v. Dolan*, a fellow Northern District judge was provided with an amended complaint that attributed violations of § 1983 to nine defendant police officer who executed a search of a residence. 2009 WL 1809917, *2 (N.D. Ill. Jun. 25, 2009). The amended complaint stated that the defendant officers acted in concert to effectuate a quartet of civil rights violations, but, with a few exceptions, the complaint by and large failed to identify the specific acts of any individual officers or the particular roles they played during the course of the search. *Id.* at *2—3. The defendants whose individual conduct was not identified in the complaint were consequently dismissed from the suit, with the court stating, "[a] complaint that refers to multiple police officer defendants collectively as 'defendant officers' in each of the

factual allegations does not provide each defendant officer with sufficient notice of the wrongdoings alleged." *Id.* at *3.

An almost identical circumstance is present here. The only individualized allegation in the FAC regards Daley's signing of a criminal complaint against Lietzow which listed three criminal violations. Such an allegation might have some relevance to Lietzow's malicious prosecution claims, but it has no bearing on his § 1983 claims of false arrest, illegal pretrial detention, and illegal search and seizure.

Lietzow's allegations that contemplate § 1983 violations, on the other hand, are all lodged against the "Defendant Officers" as a group and never itemized amongst the individual defendants. "While it is true that Plaintiff need not allege all the facts necessary to succeed on [his] claims, [he] must provide sufficient allegations to, at the very least, put Defendants on notice of [his] claims against them." *Id.* Lietzow has failed to do so here, which is particularly concerning in light of the conclusory nature of his allegations. We detail a few such examples now:

- Lietzow alleges that "the defendant officers effected forceful entry…without a warrant, consent, or other legal justification." He avers nothing suggesting how the entry was forceful nor how any individual officer was responsible for effectuating force.

- Lietzow alleges that he was held in pretrial custody "based on upon false statements made by the Defendant Officers in their police reports." Lietzow

6

does not allege what these statements are nor does he ascribe any such statement to any particular officer.

- Lietzow attributes his grand jury indictment to the "false statements of the Defendant Officers." There are no facts alleged regarding what the false statements were, who made what statement, where they were made, or anything else that might connect an actual statement to an individual officer.

Lietzow is not burdened with the responsibility of providing evidence that will win him the case at the pleadings stage. He is, however, required to plead facts supportive of the legal charges he has set forth. "[A] defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established in order for liability to arise under 42 U.S.C. § 1983." *Duncan v. Duckworth*, 644 F.2d 653. 655 (7th Cir. 1981). Lietzow's assertions of misconduct, already threadbare in substance, make no attempt to ascribe such direct personal responsibility to the individual defendants. As did our sister court in *Carter*, we decline to shepherd forward the casting of so wide a net in the face of decades of Seventh Circuit precedent counseling otherwise. Because Lietzow failed to plead the personal responsibility of any defendant police officer, his Title VII claims (Counts I, II, and IV) are dismissed.

## II. Counts III & V: Illinois State Law Malicious Prosecution & Indemnification Claims

Count III is a state law claim, only before the Court by way of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). District courts possess "the discretion to decline jurisdiction where all federal claims have been dismissed." *Thurman v.*

*Village of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006). We invoke our 28 U.S.C. § 1367(c)(3) discretion now and dismiss Counts III and V accordingly.

## CONCLUSION

For the aforementioned reasons, the Defendants' Motion is granted and Lietzow's FAC is dismissed. It is so ordered.

_____

Dated: 1/11/2018

Charles P. Kocoras
United States District Judge